# IN THE COURT OF APPEALS OF IOWA

No. 22-1766
Filed July 26, 2023

**ANN MARIE WATERS,**
　　　Plaintiff-Appellant,

**vs.**

**JORDAN CREEK TOWN CENTER, LLC,**
　　　Defendant-Appellee.
_____

　　　Appeal from the Iowa District Court for Dallas County, Terry R. Rickers, Judge.

　　　A plaintiff appeals a district court's grant of summary judgment in favor of the defendant. **AFFIRMED.**

　　　Marc S. Harding and Joe Casey of Harding Law Office, Des Moines, for appellant.

　　　Charles A. Blades of Smith Mills Law, P.C., Cedar Rapids, for appellee.

　　　Considered by Schumacher, P.J., and Chicchelly and Buller, JJ.

**SCHUMACHER, Presiding Judge.**

Ann Waters appeals the district court's grant of summary judgment in favor of Jordan Creek Town Center, LLC, (Jordan Creek). She contends questions of material facts remain related to her knowledge of the danger posed by wet floor mats. We find the grant of summary judgment was proper. Accordingly, we affirm.

## I.  Background Facts & Proceedings

This case involves a fall Waters suffered after entering Jordan Creek's property on January 28, 2019. According to weather reports, of which judicial notice was taken by the district court, roughly twelve inches of snow had fallen by January 23. By January 28, seven inches remained. Only trace amounts of snowfall occurred on January 27 and 28—Waters remembered noticing a few snowflakes land on her coat as she walked into Jordan Creek's property.

Waters approached Jordan Creek's property around 8:30 a.m. In her deposition, she described how the pathway up to the doors was dry and clear of snow. After passing through a vestibule, she stomped her feet. She stepped onto a rubber mat with both feet. Then, after placing her left foot on the exposed tile next to the mat, she fell backwards. Waters suffered a concussion.

Waters filed a petition on January 26, 2021, naming Jordan Creek as the defendant, in which she claimed Jordan Creek was negligent in failing to maintain a safe entryway. Jordan Creek moved for summary judgment on June 14, 2022. The court granted the motion. In doing so, the court relied on *Weidenhaft v. Shoppers Fair of Des Moines, Inc.*, 165 N.W.2d 756 (Iowa 1969), highlighting the factual similarities between that case and the instant proceedings. The court concluded Waters should have been aware of the wet floor mats caused by

moisture tracked into the property given the weather conditions at the time. As a result, Jordan Creek was not negligent. Waters appeals.

## II.    Standard of Review

"We review summary judgment rulings for correction of errors at law. Summary judgment is proper when the movant establishes there is no genuine issue of material fact and it is entitled to judgment as a matter of law. We view the record in the light most favorable to the nonmoving party." *Slaughter v. Des Moines Univ. Coll. of Osteopathic Med.*, 925 N.W.2d 793, 800 (Iowa 2019) (quotation marks and internal citations omitted). While issues of negligence are not ordinarily decided by summary judgment, summary judgment may be granted when the issue can be decided as a matter of law. *Clinkscales v. Nelson Sec., Inc.*, 697 N.W.2d 836, 841 (Iowa 2005).

## III.   Discussion

Waters contends the court improperly granted summary judgment because material questions remained as to whether Waters was, or should have been, aware of the danger caused by the wet floor mats such that the defendants had met their duty as premises owners. Ultimately, however, the fighting issue on appeal is whether *Weidenhaft* controls the outcome. Waters argues the case is factually distinguishable.[1]  Like the district court, we determine the factual similarities between the cases means that the case controls the outcome here.

---

[1] *Weidenhaft* relies on the Restatement (Second) of Torts. 165 N.W.2d at 759. Iowa has since adopted the Restatement (Third). *See Thompson v. Kaczinski*, 744 N.W.2d 829, 835 (Iowa 2009) (adopting the duty of care standard in Restatement (Third) of Torts). That said, Waters does not assert *Weidenhaft* is incompatible with the Restatement (Third). Waters only argues that the current case is factually distinguishable from *Weidenhaft*.

*Weidenhaft* involved a patron of a store falling upon entering the premises. 165 N.W.2d at 757. The fall occurred in mid-January. *Id.* As is common for that time in Iowa, a few inches of snow had fallen in the preceding days, but no precipitation occurred on the day of the fall. *Id.* Weidenhaft entered the store and stomped her feet on the floor mats. *Id.* at 758. Weidenhaft gave conflicting testimony as to whether she noticed the wet conditions of the floor mats prior to her fall. *Id.* In any event, after stepping off the mat, she immediately fell and injured herself. *Id.*

A jury returned a verdict in favor of the defendants. *Id.* at 757. Weidenhaft appealed, and the defendants sought to uphold the trial court by claiming the court wrongly denied its motion for a directed verdict. *Id.* Our supreme court determined that the court should have granted such motion. *Id.* Relying on Restatement (Second) of Torts, the court described the general principle that a premises owner must undertake reasonable care in maintaining the safety of the property for the plaintiff. *Id.* at 758. In explaining a premises owner's duty to the plaintiff, the court noted that the owner will not be liable when the danger was open and obvious to

---

In adopting the Restatement (Third) duty analyses, we removed foreseeability from the "duty calculus." *McCormick v. Nikkel & Assocs., Inc.*, 819 N.W.2d 368, 371 (Iowa 2012). "But we did not erase the remaining law of duty; rather, we reaffirmed it." *Id.* Included in the body of reaffirmed law were exclusions from the ordinary duty of reasonable care. *See Huck v. Wyeth, Inc.*, 850 N.W.2d 353, 375 (Iowa 2014) ("We have made clear that our adoption of section 7 of the Restatement (Third) of Torts in *Thompson* did not supersede our precedent limiting liability . . . ."); *McCormick*, 819 N.W.2d at 371 (explaining the adoption of Restatement (Third) section 7 did not change our law modifying or eliminating the duty of reasonable care).

*Gries v. Ames Ecumenical Hous., Inc.*, 944 N.W.2d 626, 629 (Iowa 2020).

the plaintiff. *Id.* at 759. That said, a premises owner may remain negligent "even though a defect is, in fact, open and obvious where the circumstances are such that there is reason to believe it would not be discovered or become obvious to the invitee or the risk of harm involved would not be anticipated or appreciated by the invitee." *Id.* Ultimately, "The question is then, was there an unreasonable risk of harm created by the tracked-in snow which the possessor should have anticipated the invitee would fail to appreciate and guard against." *Id.*

The court found the defendant was not liable because the risk was open and obvious to Weidenhaft and there was no reason she should have failed to guard against it. *Id.* at 761. In particular, the court found, "The record here shows only the wet, dirty floor normally encountered in Iowa under these weather conditions. We do not believe the possessor would as a reasonable prudent person anticipate the condition would present an unreasonable risk to a person using due care."[2] *Id.*

The circumstances surrounding this case are nearly identical to that of *Weidenhaft.* Both falls occurred in January—the day of the fall itself had no precipitation, but there were multiple inches of snow on the ground. *See id.* at 757. Both parties stomped their feet upon entering the premises, indicating a knowledge of the weather conditions. *See id.* at 758. And both plaintiffs fell just after stepping off of wet floor mats. *See id.* Given the factual similarities between this case and *Weidenhaft*, and the unequivocal holding of *Weidenhaft* that the premises owners

---

[2] The court also highlighted the unreasonable lengths premises owners would have to undertake to remove every bit of moisture tracked indoors during winter. *Weidenhaft*, 165 N.W.2d at 761.

had no reason to think the plaintiff would not take reasonable care given the obvious danger, Jordan Creek was not negligent as a matter of law.  *See id.* at 761.

Waters asserts *Weidenhaft* is inapplicable because she did not see the mats were damp until after she had stepped on them.[3]  We disagree.  The same issue was discussed in *Weidenhaft*, and the court, viewing the evidence in the plaintiff's favor, assumed Weidenhaft did not see the wet floor until after she slipped.  *Id.*  Even so, "We believe this fact is unimportant here.  Plaintiff knew the wet floor was caused by tracked-in snow.  She had stamped her feet as she came in.  As a reasonable prudent person she should have expected there might be slush on the floor and governed herself accordingly."  *Id.*  The same occurred here—once Waters stamped her feet on the floor mats, she demonstrated she was aware of the conditions in the area.  There was no reason for Jordan Creek to anticipate that she would not govern herself according to the evident risk.

Based on the record before us, nothing suggests the potential danger posed by the wet floor mats was not open and obvious to Waters or that she would not behave reasonably given the danger.  Because of that and the factual similarities

---

[3] We note that the evidence purporting to show the moisture in the floor mats comes from a portion of a security camera video that is not a part of our record. Waters was able to introduce that evidence prior to the district court's ruling—they do not provide a reason why they did not submit it in a timely fashion.  And it does not appear that the district court viewed the portion of the video Waters identifies— the only reference to the matter comes from a citation in the court's order to Waters's resistance to summary judgment.  But the resistance contained only two screenshots of a video, not the video itself.

between this case and *Weidenhaft*, the district court did not err in granting summary judgment.

    **AFFIRMED.**